UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60796-CIV-COHN/SELTZER

INNOVATIVE HEALTH AND WELLNESS,
LLC, on behalf of itself and all others
similarly situated,

          Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

          Defendant.
_____/

**SCANNED**

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff Innovative Health and Wellness, LLC's Motion for Remand [DE 7]. The Court has considered the Motion, Defendant's Opposition and accompanying Affidavit of Valerie Coffey [DE 27], Plaintiff's Reply [DE 38], Defendant's Surreply [DE 40],[1] Plaintiff's Notice of Filing Supplemental Authority [DE 42], and the record, and is otherwise fully advised in the premises.

The above-referenced class-action suit was originally filed on April 17, 2008 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. The case was removed to this Court by the Defendant, pursuant to the Class Action Fairness Act ("CAFA"), on May 29, 2008. Plaintiff seeks remand for lack of jurisdiction on the grounds that the requisite $5,000,000.00 amount in controversy was not satisfied

---

[1] The Defendant's Motion for Leave to File Surreply [DE 40] is GRANTED, out of an abundance of caution, for the purposes of ensuring that the Court has a full understanding of the arguments of each party. However, the Court does note that some of the issues raised in the Surreply are not responses to new arguments raised in the Plaintiff's Reply memorandum.

at the time of removal. Plaintiff has conceded that the putative class consists of more than 100 members[2] and that the requirements for diversity of citizenship have been met; thus, the only remaining issue for the Court to determine is whether the amount in controversy requirement under CAFA has been satisfied. Under CAFA, the potential claims of individual class members in a putative class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). The Defendant bears the burden of proving, by a preponderance of the evidence, that this requirement has been satisfied. Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006).

As a threshold matter, the Court must determine what evidence the Defendant may rely upon to establish jurisdiction. Specifically at issue in this case is the Affidavit of Valerie Coffey, which was submitted with Defendant's Response in opposition to the Motion to Remand. This Affidavit provides the only evidence on the record as to the possible size of the class and, thus, the amount in controversy. The recent case of Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), appears to be dispositive on this point. In Lowery, the Eleventh Circuit considered precisely the question of "the scope of evidence on which a removing defendant may rely to establish jurisdiction" pursuant to CAFA. Id. at 1211. The court reached a clear conclusion:

> In assessing whether removal was proper in such a case,
> the district court has before it only the limited universe of
> evidence available when the motion to remand is filed – i.e.,

---

[2] Plaintiff concedes this point at the outset of its original Motion, but inexplicably later, in its Reply, argues that the Defendant has not met its burden of showing that the class consists of more than 100 members. The Court relies on the Plaintiff's concession in its original Motion, and assumes that this requirement has been satisfied.

> the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

Id. at 1213-15.[3] The evidence Defendant asks the Court consider in this case, the Affidavit, plainly falls outside of the universe of evidence the Court may consider under this rule. The Plaintiff's Complaint provides no specification of damages upon which the Defendant could reasonably base its notice of removal, and because the Affidavit submitted after removal may not be considered, the Defendant is unable to satisfy its burden.

Defendant attempts to differentiate the Affidavit it submitted from the general rule, citing to an explanation in Lowery that "[a] defendant would be free to introduce evidence regarding damages arising from a source such as a contract provision whether or not the defendant received the contract from the plaintiff." Id. at 1215. The rationale behind this "exception" to the general rule is that a court may look to a contract and the governing contract law and determine precisely what the damages under the contract would be. Id. However, the Affidavit submitted by the Defendant is not a contract, and provides no such clear basis for the calculation of damages. At most, it allows the Court to determine what damages may be for the class representative and to extrapolate as to what the damages may be for the rest of the class. The rule set out in

---

[3] The court also noted, in a footnote, that it was "highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice - without seriously testing the limits of compliance with Rule 11." Id. at n.63.

Lowery plainly prohibits such speculation in determining the existence of jurisdiction. Id. at 1215 ("[T]he existence of jurisdiction should not be divined by looking to the stars"). Thus, the Court concludes that the Affidavit is outside the universe of evidence that it may look to in evaluating whether jurisdiction exists. Because the calculations and argument set forth in the Defendant's Notice of Removal and Opposition to the Motion to Remand are entirely based on the evidence set forth in the Affidavit, as opposed to the Complaint or any accompanying documents that the Court could consider, these arguments must fail. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 7] is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. It is further

**ORDERED AND ADJUDGED** that any pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of August, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record